**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSAN B. HOANG, et. al., | CASE NO. 5:13-cv-00582 EJD |
| Plaintiff(s), | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| JPMORGAN CHASE BANK, N.A., et. al., | [Docket Item No(s). 9] |
| Defendant(s). | |

## I. INTRODUCTION

The facts of this case are familiar. In October, 2005, Plaintiffs Susan B. Hoang and Daniel X. Hoang ("Plaintiffs") purchased residential property in San Jose, California, with a loan from Washington Mutual Bank. See Compl., Docket Item No. 1, at ¶ 11. The property was eventually subject to a foreclosure sale in July, 2011, and sold to Defendant Dreamsky Investments, LLC ("Dreamsky"). Id. at ¶ 16(e).

On February 11, 2013, Plaintiffs initiated the present action in this court - now the third federal action over the same property - as a challenge to the foreclosure.[1] Presently before the court

---

[1] The other two cases were assigned to and disposed of by this court. Taking judicial notice of their respective dockets reveals that both were dismissed for lack of subject matter jurisdiction, the first because it was an improvidently removed state-court unlawful detainer action and the second because there was not an apparent basis for diversity jurisdiction. Dreamsky Investment, LLC v. Hoang, No. 5:12-cv-03666 EJD, 2012 U.S. Dist. LEXIS 113059, 2012 WL 3278900 (N.D. Cal. Aug. 10, 2012); Hoang v. JPMorgan Chase Bank, No. 5:11-cv-06364 EJD, 2012 U.S. Dist. LEXIS 157777 (N.D. Cal. Nov. 2, 2012).

1
Case No. 5:13-cv-00582 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

is Dreamsky's Motion to Dismiss Plaintiffs' Complaint. See Docket Item No. 9. Plaintiffs have filed written opposition to the motion. See Docket Item No. 19.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331. See Compl., at ¶ 9. Having carefully reviewed this matter, the court finds it suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for April 12, 2013, will be vacated. For the reasons explained below, the Motion to Dismiss will be granted, the federal claims will be dismissed with prejudice, and the remaining claims will be dismissed for lack of jurisdiction.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

Claims which sound in fraud are subject to a heightened pleading standard. Fed. R. Civ. Proc. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); Swartz v. KPMG LLP, 476 F.3d 756, 765 (9th Cir. 2007) ("Rule 9(b) imposes heightened pleading requirements where 'the object of the conspiracy is fraudulent.'"). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). To that end, the allegations must contain "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz, 476 F.3d at 764. In other words, these claims must generally contain more specific facts than is

necessary to support other causes of action.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[Material which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

### III.  DISCUSSION

The Complaint contains two causes of action which arise under federal law: (1) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et. seq. and (2) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et. seq.  Neither has merit.

#### A.  Violation of TILA

Plaintiffs allege, in nothing but the most general of terms, that all defendants, including Dreamsky, violated TILA by failing "to provide Plaintiffs with accurate material disclosures." See Compl., at ¶ 77.

Dreamsky argues that it could not have participated in the conduct underlying this cause of action because it is the third-party purchaser of the property, not Plaintiffs' lender. Id. at ¶ 5 ("Dreamsky claims to have purchased the Property at a Trustee's Sale on or about July 26, 2011."). Dreamsky is correct, considering it is not alleged to be Plaintiffs' creditor or anything more than what it claims to be. See 15 U.S.C. § 1640(a) (establishing that TILA liability extends only to "creditors"). And despite the opportunity to explain, Plaintiffs' opposition does not indicate why they included Dreamsky in this claim or, on a more fundamental level, why they did not distinguish which causes of are asserted against which defendant. See McHenry v. Renne, 84 F.3d 1172 (1996). Indeed, California Reconveyance Company, which the Complaint reveals is simply the trustee

3
Case No. 5:13-cv-00582 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

named in the Deed of Trust, also appears to have been improperly subjected to this claim. See Compl., at Ex. B.[2]

But improper "everyone did everything" pleading is not the only problem with this cause of action. Since TILA contains specific statutes of limitation, an issue of timeliness arises based on the dates contained in the Complaint.

Under TILA, a claim for damages must be brought within one year from the date of the signing of the loan documents. 15 U.S.C. § 1640(e); Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003). A claim for rescission must be brought within three years of the same date. 15 U.S.C. § 1635(f).

Here, Plaintiffs specifically allege that the Deed of Trust underlying their loan was recorded on October 12, 2005. See Compl., at ¶ 3. It goes without saying that Plaintiffs must have executed the loan documents at some time prior to that date. As such, a timely claim for damages under TILA should have been filed no later than October, 2006, and a timely claim for rescission should have been filed no later than October, 2008. Since Plaintiffs did not file this action until February 11, 2013, the request for rescission under TILA is absolutely barred because that claim cannot be equitably tolled. See Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) ("[TILA] provides, however, that the borrower's right of rescission 'shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first,' even if the required disclosures have never been made."). Rescission as a remedy also expired when the foreclosure sale was completed. See 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . ."); Jacobson v. Balboa Arms Drive Trust, No. 10-CV-2195-JM (RBB), 2011 U.S. Dist. LEXIS 84583, at *18, 2011 WL 3328487 (S.D. Cal. Aug. 1, 2011) ("[A]ny right of rescission under TILA is terminated upon foreclosure sale of the property.").

---

[2] Unfortunately, cookie-cutter causes of action containing vague allegations used in complaint after complaint have come to dominate foreclosure litigation. This type of practice is unacceptable, and is a violation of counsel's duty under Federal Rule of Civil Procedure 11(b)(3) to ensure that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Plaintiffs' counsel is notified that this court will strictly enforce this obligation in the future.

A request for damages under TILA, however, is only presumptively time-barred absent allegations that support an equitable exception. 15 U.S.C. § 1640(e); King v. California, 784 F.2d 910, 915 (9th Cir. 1986); see also Beach, 523 U.S. at 417-18 (discussing the "stark" difference in the limiting language of § 1640(e) and § 1635(f)). "Equitable tolling is generally applied in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." O'Donnell v. Vencor Inc., 465 F.3d 1063, 1068 (9th Cir. 2006) (internal quotations omitted).

Plaintiffs have not, either in the Complaint or the opposition to this motion, supported equitable tolling with sufficient factual allegations describing active pursuit on their part or qualifying misconduct on the part of Defendants. The Complaint contains only one conclusory statement in that regard: "Any and all statute[s] of limitations relating to disclosures and notices required pursuant to 15 U.S.C. § 1601, et. seq. were tolled due to Defendants' failure to effectively provide the required disclosures and notices, including but not limited to Defendants [sic] failure to provide disclosures regarding payment schedules and terms and violations of prohibitions regarding high-rate, high-fee loans." See Compl., at ¶ 78. That is not enough. Garcia v. Wachovia Mortg. Corp., 676 F. Supp. 2d 895, 906 (C.D. Cal. 2009) ("[T]he mere existence of TILA violations and lack of disclosure does not itself equitably toll the statute of limitations.").[3] The remainder of Plaintiff's arguments, which seem to go to the viability of the TILA claim rather than to its timeliness, are unavailing, particularly since Plaintiffs rely on legal theories found implausible by this and many other courts. See, e.g., Sepehry-Fard v. Aurora Bank FSB, Case No. 5:12-cv-00871 EJD, 2013 U.S. Dist. LEXIS 12048, at *10-11, 2013 WL 597788 (N.D. Cal. Jan. 29, 2013) (rejecting theories of liability based on securitization of the note and violation of the Pooling and

---

[3] The out-of-circuit opinion relied on by Plaintiffs does not support the premise for which it is cited. In Ellis v. Gen. Motors Acceptance Corp., 160 F.3d 703, 708 (11th Cir. 1998), the court held only that the one-year statute of limitations for damages claims under 15 U.S.C. § 1640(e) is subject to equitable tolling. On that issue there is no dispute. But the Ellis court did not determine, as Plaintiffs seem to contend, *what* type of conduct is sufficient to toll the limitations period. Ellis, 160 F.3d at 708 ("Although we find that TILA is subject to equitable tolling, thus giving the district court jurisdiction, we need not reach the question of whether equitable tolling applies to the facts of this case . . . .").

Servicing Agreement).

Under these circumstances, there appears no way for Plaintiffs to escape application of TILA's statute of limitations. They certainly did not identify any additional facts which could be alleged, nor did they explain their failure to assert these claims in the other lawsuit filed against these defendants. Accordingly, the court finds that allowing for amendment under these circumstances would be futile. The TILA claims will be dismissed with prejudice. See Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th Cir. 1988).

### B. Violation of RICO

Plaintiff's eighth cause of action is for violation of the RICO statute. Like the TILA claim, it contains nothing which can be connected to Plaintiffs or their situation, but instead haphazardly alleges that all defendants (once again) concealed the fact that Plaintiffs' loan would be securitized and "participated in a scheme to defraud everyone" by sending "fraudulent affidavits and documents to the clerks of court, judges, attorneys and defendants in foreclosure cases." See Compl., at ¶ 86. To emphasize the fact that this exact same cause of action is used in numerous complaints notwithstanding its potential inapplicability to the actual facts, it asserts a curious allegation implicating U.S. Bank and Wells Fargo Bank. Id. at ¶ 101 ("The mortgage loan possessed by the Plaintiffs was not subject to being foreclosed upon, and the mortgage amount recorded in the public record of the properties is the measure of the damages suffered by the plaintiff in relation to U.S. Bank and/or Wells Fargo."). Neither of those entities are named as defendants in this action.

RICO imposes civil liability on persons and organizations engaged in a "pattern of racketeering activity." 18 U.S.C. § 1962(c). Racketeering activity is defined to include a number of generically specified criminal acts, as well as the commission of one of a number of listed predicate offenses. 18 U.S.C. § 1961(1). The elements of a civil RICO claim are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'" Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir. 1996).

Dreamsky again argues based on its limited involvement that it cannot have participated in the alleged scheme to hide the securitization of Plaintiffs' loan. They are correct, once again.

Although Plaintiffs' inexplicably maintain in their opposition that Dreamsky's "demurrer . . . should be overruled," they fail to explain just how Dreamsky could have possibly participated in a RICO violation.

That does not end the matter, however, because this claim is defective for more that just one reason. Preliminarily, Plaintiffs have fallen far short of the Rule 9(b) pleading standard which applies to a RICO claim. See Moore v. Kayport Package Express, Inc., 885 F.2d 531, 541 (9th Cir. 1989). Furthermore, the instant claim is reminiscent, if not identical, to one already addressed by this court's colleague. In Zacharias v. JP Morgan Chase Bank, N.A., No. 12-06525 SC, 2013 U.S. Dist. LEXIS 20258, 2013 WL 588757 (N.D. Cal. Feb. 13, 2013), Judge Samuel Conti wrote, in pertinent part:

> Here, Plaintiff alleges that "Defendants intentionally participated in a scheme to defraud everyone" by "sending the fraudulent affidavits, assignments and pleadings to the clerks of court, judges, attorneys, and defendants in foreclosure cases." Plaintiff further alleges that the predicate acts of fraud are: "[c]laiming ownership of assets on behalf of entities which were not the real parties in interest," "[a]ctively concealing the parties' lack of standing in their standard documents for foreclosure," and "[t]he drafting of the fraudulent affidavits and documents and the subsequent execution of the documents . . . and the filing of fraudulent and forged affidavits as to loan ownership."
>
> This claim is far from plausible. . . . Nor has she pled any facts to support her broad and sweeping contention that Defendants defrauded "everyone" by falsely claiming ownership of any number of other loans. Further, Plaintiff has failed to plausibly allege racketeering activity distinct from the alleged RICO enterprise. In short, Plaintiff's RICO claim appears to be nothing more than conclusory allegations punctuated by threadbare recitals of the elements of a RICO cause of action. Plaintiff's attempt to cast a straightforward foreclosure proceeding as a pattern of racketeering activity is simply improper.

Zacharias, 2013 U.S. Dist. LEXIS, at *9-11 (citations omitted).

Judge Conti went on to dismiss the RICO claim with prejudice. Since this court agrees with Judge Conti's analysis, Plaintiffs' RICO claim will also be dismissed with prejudice.

### C. Supplemental Jurisdiction

The result above raises the issue of continuing federal jurisdiction since there is no longer a federal question apparent from the face of the Complaint.

The jurisdiction of federal courts is limited, and is only properly exercised over those cases

7
Case No. 5:13-cv-00582 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

raising federal questions or involving parties with diverse citizenship. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005).

"[O]nce a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy." Id. However, a district court may properly decline to exercise supplemental jurisdiction over state-law claims if such claims "substantially predominate[] over the claim or claims over which the district court has original jurisdiction" or the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

Having determined that Plaintiffs two federal claims should be dismissed with prejudice, all that remains are causes of action based in state law. As such, the court finds that state-law issues substantially predominate at this point and declines to exercise supplemental jurisdiction over those remaining claims. They will be dismissed. See 28 U.S.C. § 1367(c)(3); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc).

## IV. ORDER

Based on the foregoing, Dreamsky's Motion to Dismiss (Docket Item No. 9) is GRANTED. The causes of action for violations of TILA and RICO are DISMISSED WITH PREJUDICE. All other claims are DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Due to this result, Dreamsky's Motion to Expunge the Lis Pendens is also GRANTED. The lis pendens recorded on February 11, 2013 (Document Number 22088316) is hereby EXPUNGED. Cal. Code Civ. Proc. §§ 405.31, 405.32.

The hearing and Case Management Conference scheduled for April 12, 2013, are VACATED. The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: April 9, 2013

EDWARD J. DAVILA
United States District Judge